IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR145** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **NATHANIEL CYPRIAN,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for Amended Tentative Findings, entered as a result of the filing of the Defendant's Second Motion for Downward Departure or Deviation from the Advisory Guideline Range (Filing No. 46).

Only a reading of Filing No. 46 clarifies the Defendant's objections presented through earlier filings in the form of motions to continue and/or for subpoenas (Filing Nos. 35, 36, 39, 40, 42) and motions for a downward departure or variance (Filing Nos. 38, 43), and an affidavit (Filing No. 41). The Defendant argues that the prior conviction set out in ¶ 43 of the Presentence Investigation Report ("PSR") should not be counted because the conviction falls within the fifteen-year period described in U.S.S.G. § 4B1.2(c). For that reason he has requested a continuance and subpoenas duces tecum to obtain state court records.

The Defendant relies on § 4B1.2(c), which defines "two prior felony convictions" for purposes of the career offender guideline, U.S.S.G. § 4B1.1 and has no application to this case. The applicable guideline defining the fifteen-year period that constitutes the inclusive period for prior convictions is U.S.S.G. § 4A1.2(e)(1), which provides:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

In this case, the instant offense in Count I lasted "[f]rom an unknown date but at least as early as September 3, 2006, up to and including March 5, 2007." (Filing No. 1.) The fifteen-year period therefore began on September 3, 1991. According to the PSR, the Defendant was arrested for the offense reflected in ¶ 43 on July 12, 1989. However, the Defendant was incarcerated for the offense until September 18, 1991. He also served additional time on a parole revocation in 1992. Therefore, the offense described in § 43 falls within the fifteen-year period as defined in § 4A1.2(e)(1). The objection is denied. A continuance is unnecessary for the purpose of allowing the Defendant to obtain records relating to ¶ 43. Because no other basis is raised as a ground for the Defendant's request for downward departure, the second motion for downward departure is also denied.

IT IS ORDERED:

1. The Defendant's motions for downward departure, deviation or variance from the Advisory Guideline Range (Filing Nos. 38, 43, 46) are denied;

2. The Defendant's motions to continue or for subpoenas (Filing Nos. 35, 36, 39, 40, 42) are denied;

3. The Defendant's objections to the PSR (Filing Nos. 46) are denied;

4. To the extent that the affidavit may be considered as objections to the PSR, those objections are denied;

5. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      6.    Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final; and

      7.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge